The Honorable Jack Gibson State Senator P.O. Box 630 Dermott, Arkansas 71638
Dear Senator Gibson:
This is in response to your request for an opinion concerning whether an employee of a city owned nursing home in Dewitt can run for alderman. You note that the nursing home is run entirely on "private funds. . . derived from services that the nursing home has to offer", and although the nursing home is city owned, the city does not put any funds into the home.
Your question is whether there would be an impermissible conflict of interest if a city nursing home employee became a city alderman.
It is my opinion that no provision of state law expressly prohibits the situation you describe. It should be noted, however, that A.C.A. 14-42-107 provides that:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
While it appears that in the situation you describe this provision would not be violated, reference to individual facts must be had to determine whether an actual conflict of interest exists. Of course, reference to any relevant city ordinances on the topic is also indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb